UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MAZEN ALOTAIBI,<br><br>  Petitioner<br><br>v.<br><br>RENEE BAKER,<br><br>  Respondents | Case No.: 2:21-cv-01281-JAD-BNW<br><br>**Order Directing Service of Petition on Respondents and Directing Respondents to Respond to Petition**<br><br>[ECF No. 1] |

Mazen Alotaibi brings this habeas action, seeking relief from his state-court conviction for burglary, first-degree kidnapping, sexual assault with a minor under 14 years of age, lewdness with a child under the age of 14, and coercion. Having reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, I direct service of the petition upon respondents for them to file a response.

IT THEREFORE IS ORDERED that the Clerk of Court:

- ADD Aaron Ford, Attorney General for the State of Nevada, as counsel for respondents; and

- Provide copies of this order and all prior filings to the Attorney General in a manner consistent with the Clerk's current practice, such as regeneration of notices of electronic filing to the office of the Attorney General only.

IT FURTHER IS ORDERED that **respondents have until October 15, 2021, to file a response to the petition**, including potentially by motion to dismiss. Petitioner may file a reply within **30 days** of service of an answer. The response and reply time to any motion filed by

either party, including a motion filed in lieu of a pleading, will be governed instead by Local Rule LR 7-2(b).

IT FURTHER IS ORDERED that any procedural defenses raised by respondents to the petition must be raised together in a single consolidated motion to dismiss.  In other words, the court does not wish to address any procedural defenses raised herein either in serial fashion in multiple successive motions to dismiss or embedded in the answer.  Procedural defenses omitted from such motion to dismiss will be subject to potential waiver.  Respondents must not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit.  If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss not in the answer; and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005).  In short, no procedural defenses, including exhaustion, may be included with the merits in an answer.  All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

IT FURTHER IS ORDERED that, in any answer filed on the merits, respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

IT FURTHER IS ORDERED that the court waives the requirements of Local Rule LR IC 2-2(g).  Paper copies of any electronically filed exhibits need not be provided to chambers or to the staff attorney, unless later directed by the court.

Dated: August 14, 2021

_____
U.S. District Judge